Per Curiam.

Two charges of professional misconduct were filed against respondent. The charges accuse him of having two clients execute and file documents reciting that there, were no mortgages upon two separate properties with respect to which the clients, in no way related, respectively, sought consequential damages in a condemnation proceeding “ when he, in fact, knew that there were outstanding mortgages thereon with the result that the awards were paid and the respondent received his. contingent fees without notice to the respective mortgagees * * It is also charged that regardless of any information respondent received from his two clients with regard to outstanding mortgages, he was “ under a duty to ascertain from an examination of the appropriate records whether or not there were in fact unsatisfied mortgages of record, in Anew of the representations contained in the papers which he had his clients sign.”
Respondent interposed an answer to the petition, and an order was'then made by this court referring the matter to an official referee “ to take testimony in regard to said charges, and report the same with his opinion thereon, to the Court Thereafter full hearings were' completed before the referee. Before briefs, which were to be submitted, had been filed, and before any report had been rendered, the referee died. In an apparent effort to expedite the final disposition of the proceeding, the parties stipulated to submit the matter directly to the court upon the testimony and the exhibits without the benefit of the opinion of a referee who had seen and heard the witnesses. Such stipulation was made Avithout the approval of this court.
An examination of the record discloses that the case is peculiarly one in which the court should have the report of a referee. The testimony is conflicting. The issue of respondent’s guilt of the charges resolves itself largely into one of credibility of the witnesses.
In our opinion it would be unjust to all concerned if we would attempt to determine the issues involved in a matter as serious and as important as this without the benefit of a report from a referee who has seen and heard the witnesses and who will be in a position properly to evaluate their testimony.
The matter is accordingly referred to an official referee who is to take proof, and render a report with his opinion thereon Avith all convenient speed.